**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL. | § § § § § | |
| Plaintiff, | § § | Case No. 3:10-CV-527-N |
| v. | § § | |
| BEN BARNES AND BEN BARNES GROUP, L.P., | § § § § | |
| Defendants. | § | |

**APPENDIX IN SUPPORT OF
PLAINTIFF'S MOTION FOR ENTRY OF SCHEDULING ORDER**

Dated: November 8, 2010　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BAKER BOTTS L.L.P.


　　　　　　　　　　　　　　　　　　　By: /s/ Kevin M. Sadler
　　　　　　　　　　　　　　　　　　　　　Kevin M. Sadler
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 17512450
　　　　　　　　　　　　　　　　　　　　　kevin.sadler@bakerbotts.com
　　　　　　　　　　　　　　　　　　　　　Scott D. Powers
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24027746
　　　　　　　　　　　　　　　　　　　　　scott.powers@bakerbotts.com
　　　　　　　　　　　　　　　　　　　　　98 San Jacinto Boulevard, Suite 1500
　　　　　　　　　　　　　　　　　　　　　Austin, TX  78701-4039
　　　　　　　　　　　　　　　　　　　　　512.322.2500
　　　　　　　　　　　　　　　　　　　　　512.322.2501 (Facsimile)

　　　　　　　　　　　　　　　　　　　　　Timothy S. Durst
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00786924
　　　　　　　　　　　　　　　　　　　　　tim.durst@bakerbotts.com
　　　　　　　　　　　　　　　　　　　　　2001 Ross Avenue
　　　　　　　　　　　　　　　　　　　　　Dallas, TX  75201
　　　　　　　　　　　　　　　　　　　　　214.953.6500
　　　　　　　　　　　　　　　　　　　　　214.953.6503 (Facsimile)

　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR RECEIVER
　　　　　　　　　　　　　　　　　　　RALPH S. JANVEY

## CERTIFICATE OF SERVICE

On November 8, 2010, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve Ben Barnes and Ben Barnes Group, L.P. individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ Kevin M. Sadler
Kevin M. Sadler

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY <br> AS COURT-APPOINTED RECEIVER <br> FOR THE STANFORD INTERNATIONAL <br> BANK, LTD., ET AL., <br><br> Plaintiff, <br><br> v. <br><br> BEN BARNES AND BEN BARNES <br> GROUP, L.P., <br><br> Defendants. | Case No. 3:10-CV-527-N |

**SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court ("LR"), and the Civil Justice Expense and Delay Reduction Plan (the "Plan") for the Northern District of Texas, the Court ORDERS as follows:

1. This case is set for trial on **October 17, 2011**. The setting is for a one week docket. Reset or continuance of the trial setting does not alter the deadlines in this Order unless expressly provided by court order.

2. The parties shall serve their initial disclosures pursuant to Rule 26(a)(1)(A) on or before **February 8, 2011**.

3. Any motions for leave to join additional parties must be filed by **March 8, 2011**. Any motion for leave to amend pleadings under Rule 15(a) must be filed by **April 8, 2011**. Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

4. The parties may by written agreement alter the deadlines in this paragraph, without the need for court order. No continuance of trial will be granted due to agreed

2

extensions of these deadlines.  Motions may become moot due to trial if filed after the deadline in this Order.

      a.     **April 4, 2011** – mediation; the parties may eliminate this requirement by agreement; the parties should advise the court if they are unable to agree on a mediator; all parties must attend the mediation in person; legal entities must provide a representative with full authority; if there is insurance per Rule 26(a)(1)(D), a representative with full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person;

      b.     **May 6, 2011** – party with burden of proof must disclose experts pursuant to Rule 26(a)(2);

      c.     **June 6, 2011** – disclosure of opposing experts pursuant to Rule 26(a)(2);

      d.     **June 21, 2011** – disclosure of rebuttal experts pursuant to Rule 26(a)(2) or supplementation with rebuttal opinions pursuant to Rule 26(e)(1);

      e.     **July 6, 2011** – discovery closes; discovery requests must be served in time to permit response by this date;

      f.     **July 6, 2011** – all motions, including any objections to expert testimony, must be filed.

      5.     To facilitate orderly preparation for trial, the Court conducts an expedited discovery hearing docket on Monday afternoons.  Any party may request expedited hearing of a discovery dispute.  Requests must be made by separate letter to the Court's Judicial Assistant, Donna Hocker, and must be <u>received</u> at least ten (10) days prior to the requested docket; requests may be made concurrently with filing the motion.  If the matter is set on the expedited docket, the Court will advise the parties of applicable procedures by separate order.

Seeking relief from the Court on discovery disputes prior to conducting a meaningful, substantive conference with the opposing party is **STRONGLY** discouraged. A motion or objection to the taking of a deposition that is filed within three business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise the deposition will not be stayed except by court order.

   6. The parties shall file all pretrial materials 30 days before trial. Failure to file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

   a. pretrial order pursuant to LR 16.4;

   b. exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and Rule 26(a)(3); witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and an estimate of the length of direct examination; exhibit lists must include any materials to be shown to the court, including demonstrative aids; the parties shall comply with Rule 26(a)(3) regarding objections;

   c. proposed findings of fact and conclusions of law pursuant to LR 52.1;

   d. motions in limine; matters that are not case-specific are strongly discouraged.

   7. The final pretrial conference will be set by separate order or notice. The Court will likely impose time limitations for trial at the pretrial conference. Examination of witnesses will be limited to direct, cross, re-direct, and re-cross. Any questions regarding this Order may be directed to the Court's Judicial Assistant, Donna Hocker, at 214-753-2700.

SIGNED this _____ day of _____, 2010.

_____
DAVID GODBEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

7

| | |
|---|---|
| **From:** | Powers, Scott |
| **Sent:** | Wednesday, October 27, 2010 12:50 PM |
| **To:** | 'Madrid, Jay' |
| **Cc:** | Sadler, Kevin; Howell, Dustin |
| **Subject:** | Janvey v. Ben Barnes et al., Case No. 3:10-cv-00527-N |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | Agreed Scheduling Order AUS01 591795 1.DOC |

Jay:

We would like to go ahead and ask the Court to enter a scheduling order in the above-referenced case. Can you please review the attached and let us know if it is acceptable to you and/or what would be a good time to discuss?

Thanks,
Scott

Scott D. Powers
Baker Botts L.L.P.
98 San Jacinto Blvd.
Suite 1500
Austin, Texas 78701
512.322.2678
Fax: 512.322.8392
scott.powers@bakerbotts.com

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., § § § § § | | |
| Plaintiff, § | Case No. 3:10-CV-527 | |
| v. § § § | | |
| BEN BARNES AND BEN BARNES GROUP, L.P., § § § | | |
| Defendants. § | | |

**AGREED SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court ("LR"), and the Civil Justice Expense and Delay Reduction Plan (the "Plan") for the Northern District of Texas, the Court ORDERS as follows:

1. This case is set for trial on **August 8, 2011**. The setting is for a one week docket. Reset or continuance of the trial setting does not alter the deadlines in this Order unless expressly provided by court order.

2. The parties shall serve their initial disclosures pursuant to Rule 26(a)(1)(A) on or before **December 10, 2010**.

3. Any motions for leave to join additional parties must be filed by **January 7, 2011**. Any motion for leave to amend pleadings under Rule 15(a) must be filed by **February 7, 2011**. Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

4. The parties may by written agreement alter the deadlines in this paragraph, without the need for court order. No continuance of trial will be granted due to agreed

8

extensions of these deadlines. Motions may become moot due to trial if filed after the deadline in this Order.

    a.    **February 4, 2011** – mediation; the parties may eliminate this requirement by agreement; the parties should advise the court if they are unable to agree on a mediator; all parties must attend the mediation in person; legal entities must provide a representative with full authority; if there is insurance per Rule 26(a)(1)(D), a representative with full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person;

    b.    **March 7, 2011** – party with burden of proof must disclose experts pursuant to Rule 26(a)(2);

    c.    **April 6, 2011** – disclosure of opposing experts pursuant to Rule 26(a)(2);

    d.    **April 21, 2011** – disclosure of rebuttal experts pursuant to Rule 26(a)(2) or supplementation with rebuttal opinions pursuant to Rule 26(e)(1);

    e.    **May 6, 2011** – discovery closes; discovery requests must be served in time to permit response by this date;

    f.    **May 6, 2011** – all motions, including any objections to expert testimony, must be filed.

    5.    To facilitate orderly preparation for trial, the Court conducts an expedited discovery hearing docket on Monday afternoons. Any party may request expedited hearing of a discovery dispute. Requests must be made by separate letter to the Court's Judicial Assistant, Donna Hocker, and must be <u>received</u> at least ten (10) days prior to the requested docket; requests may be made concurrently with filing the motion. If the matter is set on the expedited docket, the Court will advise the parties of applicable procedures by separate order.

Seeking relief from the Court on discovery disputes prior to conducting a meaningful, substantive conference with the opposing party is **STRONGLY** discouraged.  A motion or objection to the taking of a deposition that is filed within three business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise the deposition will not be stayed except by court order.

   6. The parties shall file all pretrial materials 30 days before trial.  Failure to file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

   a. pretrial order pursuant to LR 16.4;

   b. exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and Rule 26(a)(3); witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and an estimate of the length of direct examination; exhibit lists must include any materials to be shown to the court, including demonstrative aids; the parties shall comply with Rule 26(a)(3) regarding objections;

   c. proposed findings of fact and conclusions of law pursuant to LR 52.1;

   d. motions in limine; matters that are not case-specific are strongly discouraged.

   7. The final pretrial conference will be set by separate order or notice. The Court will likely impose time limitations for trial at the pretrial conference. Examination of witnesses will be limited to direct, cross, re-direct, and re-cross. Any questions regarding this Order may be directed to the Court's Judicial Assistant, Donna Hocker, at 214-753-2700.

SIGNED this _____ day of _____, 2010.

_____
DAVID GODBEY
UNITED STATES DISTRICT JUDGE

**AGREED**:

_____
Scott D. Powers
Attorney for Plaintiff

_____
Jay Madrid
Attorney for Ben Barnes

# EXHIBIT C

| | |
|---|---|
| **From:** | Madrid, Jay [jmadrid@winstead.com] |
| **Sent:** | Monday, November 01, 2010 12:30 PM |
| **To:** | Howell, Dustin |
| **Subject:** | RE: Scheduling order for Janvey/Barnes litigation |

Dustin : I'm in hearings in Dallas , but will call when I finish . Has the Court ruled on my Motion to Dismiss ? I 'm quite sure we need that ruling before entry of a scheduling order . I'll check the court's docket and get back to you . Thanks

**From:** dustin.howell@bakerbotts.com [mailto:dustin.howell@bakerbotts.com]
**Sent:** Monday, November 01, 2010 10:36 AM
**To:** Madrid, Jay
**Cc:** scott.powers@bakerbotts.com
**Subject:** Scheduling order for Janvey/Barnes litigation

Hello Mr. Madrid,

I just left you a voicemail, but thought I would follow up with an email.  We sent you a scheduling order (attached) last week for the above-referenced case, and I wanted to follow up to find out if you had any questions/concerns about the order.  We were hoping to get this on file with the court soon, so if you have a minute, we would appreciate it if you could sign it and get it back to us, assuming everything looks good to you.  If you have any questions, feel free to call or email.

<<Stanford-Barnes Scheduling Order.pdf>>

Thanks,

Dustin M. Howell

**BAKER BOTTS** L.L.P.

98 San Jacinto Blvd

Suite 1500

Austin, TX 78701

512.322.2615

512.322.8347 (fax)

dustin.howell@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

13

# EXHIBIT D

| | |
|---|---|
| **From:** | Madrid, Jay [jmadrid@winstead.com] |
| **Sent:** | Monday, November 08, 2010 12:04 PM |
| **To:** | Howell, Dustin |
| **Subject:** | RE: Scheduling Order for Janvey/Barnes litigation, Case No. 3:10-cv-00527-N |

Dustin : Thank you for sending this for my review . I respectfully oppose on the ground you summarized , and please add that it is particularly important given the fact that Mr. Barnes has been sued individually and the propriety of his inclusion should be determined before processing the case . Thank you .

**From:** dustin.howell@bakerbotts.com [mailto:dustin.howell@bakerbotts.com]
**Sent:** Monday, November 08, 2010 10:41 AM
**To:** Madrid, Jay
**Cc:** scott.powers@bakerbotts.com
**Subject:** Scheduling Order for Janvey/Barnes litigation, Case No. 3:10-cv-00527-N

Mr. Madrid,

The Receiver intends to file a motion to enter a scheduling order in the above-referenced case today.  The order we are proposing is similar to the one we sent to you previously, except that we have moved the dates back approximately 60 days.  Please let us know whether the defendants will agree to entry of the attached order.  If we do not hear back from you by the end of the day we will assume the defendants are opposed to entry of the scheduling order, based on your prior email indicating that the defendants believe the motion to dismiss must be resolved before a schedule can be entered.  Feel free to contact me with any questions you may have.

<<Revised Barnes Scheduling Order.pdf>>

Regards,

Dustin M. Howell

**BAKER BOTTS** L.L.P.

98 San Jacinto Blvd

Suite 1500

Austin, TX 78701

512.322.2615

512.322.8347 (fax)

dustin.howell@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.